UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MYRON G. BRANDON,

            Plaintiff,

    v.

DEPARTMENT OF CORRECTIONS
OF WASHINGTON, *et al.*,

            Defendants.

CASE NO. 3:22-CV-5284-LK-DWC

ORDER GRANTING EXTENSION OF TIME AND STAYING DISCOVERY

      The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. On July 26, 2022, Plaintiff filed a Motion for Discovery. Dkt. 19. The next day Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(c). Dkt. 20. Thereafter, Defendants responded to Plaintiff's Motion for Discovery, requesting that the Court stay any discovery motion until it decides the pending Motion to Dismiss. Dkt. 23.

      To date, Plaintiff has not responded to the Motion to Dismiss. *See generally* Dkt. However, on September 14, 2022, Plaintiff filed a Motion for an Extension of Time to respond to

the Motion to Dismiss. Dkt. 26. In the Motion, Plaintiff states that his housing facility put in place restrictions for the month of August due to a COVID-19 outbreak and that he himself got sick and was required to isolate in late August and early September. *Id*. As a result, Plaintiff was unable to properly litigate his case during the time period in which his response to the Motion to Dismiss was due. *Id*. In addition to filing the Motion for an Extension, on the same day Plaintiff filed another request for discovery in the form of a Motion for New Additional Evidence. Dkt. 25.

Upon review of the Motion for an Extension (Dkt. 26), the Court finds good cause for Plaintiff's request and grants the Motion as follows: Plaintiff shall have until October 17, 2022, to file a response to Defendants' Motion to Dismiss (Dkt. 20).[1] Defendants have until October 21, 2022, to file a reply.

Turning to discovery, again Defendants have requested that the Court stay discovery pending the outcome of their Motion to Dismiss. Dkt. 23. The Court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). A court may relieve a party of the burdens of discovery while a dispositive motion is pending. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *DiMartini v. Ferrin*, 889 F.2d 922, 926 (9th Cir. 1989), *amended at* 906 F.2d 465 (9th Cir. 1990); *see also Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) (permitting a stay of discovery where a pending dispositive motion is (1) "potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought" and (2) can be decided without additional discovery).

---

[1] As this is Plaintiff's first request for an extension and the Court has determined that an extension is warranted, the Court further finds a response from Defendants to Plaintiff's motion is not necessary. If Defendants wish to be heard, they may file a motion for reconsideration.

Here, Defendants have filed a Motion to Dismiss which will potentially resolve this entire action. Dkt. 20. Further, a decision is likely on the pending Motion to Dismiss without additional discovery. Therefore, a stay of discovery would advance the efficiency of the Court and litigants. As such, the Court directs that discovery be stayed until the resolution of the pending Motion to Dismiss. In light of this stay of discovery, the Court denies without prejudice Plaintiff's motions for discovery (Dkt. 19, 25), meaning that Plaintiff has the right to refile the motions should the stay of discovery be lifted.

In conclusion, Plaintiff's Motion for an Extension (Dkt. 26) is granted. Plaintiff shall have until October 17, 2022, to file a response to Defendants' Motion to Dismiss (Dkt. 20). Defendants have until October 21, 2022, to file a reply. The Clerk is directed to re-note Defendants' Motion to Dismiss (Dkt. 20) for October 21, 2022. Plaintiff's motions for discovery (Dkt. 19, 25) are denied without prejudice.

Dated this 19th day of September, 2022.

David W. Christel
United States Magistrate Judge