UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MYRON G. BRANDON,

           Plaintiff,

   v.

DEPARTMENT OF CORRECTIONS OF WASHINGTON, *et al.*,

           Defendants.

CASE NO. 3:22-CV-5284-LK-DWC

ORDER DENYING MOTION TO APPOINT COUNSEL

      Plaintiff Myron G. Brandon, who is proceeding *pro se* in this 42 U.S.C. § 1983 action, filed a request for Court-appointed counsel. Dkt. 28. No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether

exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In the Motion, Plaintiff states that he is unable to afford counsel and is expecting a trial in this matter to be complex. Dkt. 28. Upon review, the Court finds the Motion contains no reasons supporting Plaintiff's need for Court-appointed counsel. Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. Plaintiff has also not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court, nor has he shown he is likely to succeed on the merits of this case. The balance of reasons cited by plaintiff in the instant motion are issues common to other *pro se* litigants and are not exceptional. Therefore, they do not warrant the appointment of counsel. *See Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by *pro se* litigants) (citations omitted). Plaintiff's Motion to Appoint Counsel (Dkt. 28) is denied.

Dated this 29th day of September, 2022.

David W. Christel
United States Magistrate Judge