1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

12

13

14

15

MYRON G. BRANDON,

              Plaintiff,

    v.

DEPARTMENT OF CORRECTIONS
OF WASHINGTON, *et al.*,

              Defendants.

CASE NO. 3:22-CV-5284-LK-DWC

ORDER DECLINING TO
VOLUNTARILY RECUSE

16

17

18

19

20

21

22

23

24

Plaintiff Myron G. Brandon filed this action alleging violations of his due process rights and a DOC policy in connection with his transfer to a different intrastate prison. The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently before the Court is Plaintiff's Motion to Change to Another Judge Due to Prejudice, which the Court interprets as a motion to recuse pursuant to Local Civil Rule ("LCR") 3(f). Dkt. 32. After review of Plaintiff's Motion (Dkt. 32) and the relevant record, the undersigned declines to recuse himself and refers the Motion and this Order to Chief Judge Estudillo pursuant to LCR 3(f).

1  **I.  Discussion**

2      Pursuant to LCR 3(f), whenever a motion to recuse is filed pursuant to 28 U.S.C. § 144 or

3  28 U.S.C. § 455, "the challenged judge will review the motion papers and decide whether to

4  recuse voluntarily."

5      A judge of the United States shall disqualify himself in any proceeding in which his

6  impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). A federal judge also shall

7  disqualify himself in circumstances where he has a personal bias or prejudice concerning a party

8  or personal knowledge of disputed evidentiary facts concerning the proceeding. *Id*. at §455(b)(1).

9  28 U.S.C. § 144 states:

10          Whenever a party to any proceeding in a district court makes and files a timely and
            sufficient affidavit that the judge before whom the matter is pending has a personal
11          bias or prejudice either against him or in favor of any adverse party, such judge
            shall proceed no further therein, but another judge shall be assigned to hear such
12          proceeding. The affidavit shall state the facts and the reasons for the belief that bias
            or prejudice exists.

13  28 U.S.C. § 144.

14

15      Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate

16  if "a reasonable person with knowledge of all the facts would conclude that the judge's

17  impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626

18  (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of

19  bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992);

20  *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S.

21  540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

22          [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality
            motion. . . . [O]pinions formed by the judge on the basis of facts introduced or
23          events occurring in the course of the current proceedings, or of prior proceedings,
            do not constitute a basis for a bias or partiality motion unless they display a deep
            seated favoritism or antagonism that would make fair judgment impossible. Thus,

24

1     judicial remarks during the course of a trial that are critical or disapproving of, or
             even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias
2     or partiality challenge.

3   510 U.S. at 555.

4        Here, Plaintiff contends the undersigned should recuse himself on the basis of

5   unfavorable rulings the undersigned made against Plaintiff in a prior case. *See* Dkt. 32. Plaintiff's

6   claim of judicial bias arising from his disagreement with the manner in which the undersigned

7   adjudicated a prior case is insufficient to support recusal. *See States v. Sudley*, 783 F.2d 934, 939

8   (9th Cir. 1986) ("[A] judge's prior adverse ruling is not sufficient cause for recusal."); *accord*

9   *Liteky*, 510 U.S. at 555 ("[J]udicial rulings alone almost never constitute a valid basis for a bias

10   or partiality motion."). The undersigned makes rulings in each case based upon the issues

11   presented by the parties or upon an independent review by the Court and has no personal bias or

12   reason to be partial to one side or the other in this matter. Plaintiff has not shown a reasonable

13   person could question this Court's impartiality. Accordingly, the undersigned will not recuse

14   himself voluntarily from this case.

15      **II.     Conclusion**

16        Based on the foregoing reasons, this Court finds there is no reasonable basis for a

17   voluntary recusal in this matter. Therefore, the undersigned declines to recuse himself

18   voluntarily.

19        The Clerk is directed to refer Plaintiff's Motion (Dkt. 32) to Chief Judge Estudillo in

20   accordance with Local Civil Rule 3(f).

21

22

23

24

ORDER DECLINING TO VOLUNTARILY
RECUSE - 3

1       The Clerk is also directed to send a copy of this Order to Plaintiff, to the Honorable

2  David G. Estudillo, and to the Honorable Lauren King.

3       Dated this 12th day of October, 2022.

4

5                             David W. Christel

6                             United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DECLINING TO VOLUNTARILY
RECUSE - 4