UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MYRON G. BRANDON,<br><br>                    Plaintiff,<br><br>          v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS et al.,<br><br>                    Defendants. | CASE NO. 3:22-cv-05284-LK-DWC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL |

**I       INTRODUCTION**

This matter comes before the Court following referral by United States Magistrate Judge David W. Christel (Dkt. No. 34) of Plaintiff Myron G. Brandon's motion for recusal (Dkt. No. 32). For the reasons stated herein, the Court AFFIRMS Magistrate Judge Christel's decision.

**II       BACKGROUND**

Plaintiff moved for Magistrate Judge Christel's recusal from his case, alleging Judge Christel was prejudice against him in a prior case involving his Eighth Amendment claim. (Dkt. No. 32 at 2.) Plaintiff alleged Magistrate Judge Christel dismissed his claims for failure to

properly define the Eighth Amendment, even though Plaintiff did so on three separate occasions. (*Id.*)  Plaintiff further alleged he "now has an [Eighth] Amendment, cruel and unusual punishment claim in which David W. Christel will prejudice that prior case was in 2021 and became a strike." (*Id.*)

### III   DISCUSSION

**A.  Legal Standard**

Local Civil Rule 3(f) requires a challenged judge to review motions filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455 and to determine whether to recuse voluntarily.  LCR 3(f).  If the challenged judge declines to recuse voluntarily, they must direct the court clerk to refer the motion to the chief judge for their review.  *Id.*

28 U.S.C. § 455(a) provides that a judge of the United States shall disqualify himself or herself in any proceeding in which their "impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  28 U.S.C. § 144 similarly requires recusal when a party to a proceeding in district court files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."  28 U.S.C. § 144.  The standard for recusal under both statutes is the same—"[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (internal quotation marks omitted).  "[A] judge's prior adverse ruling is not sufficient cause for recusal."  *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

**B. Plaintiff's Motion to Recuse Judge Christel**

Plaintiff's motion does not allege facts sufficient to require Magistrate Judge Christel's recusal. Plaintiff's sole ground for recusal appears to be that Magistrate Judge Christel previously presided over and dismissed a prior case filed by Plaintiff. (*See* Dkt. No. 32 at 3.) Plaintiff does not offer additional evidence that would indicate bias or prejudice on the part of Magistrate Judge Christel. Prior adverse rulings are almost never sufficient to establish bias necessary for recusal absent further evidence of deep-seated prejudice. *See McTiernan*, 695 F.3d at 891–92. As such, the Court ORDERS that Magistrate Judge Christel's refusal to recuse himself from this matter is AFFIRMED.

### IV   CONCLUSION

Accordingly, and Court hereby ORGERS that Magistrate Judge Christel's refusal to refuse himself from this matter (Dkt. No. 34) is AFFIRMED.

Dated this 4th day of November 2022.

David G. Estudillo
United States District Judge