UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MYRON G. BRANDON,

          Plaintiff,

    v.

DEPARTMENT OF CORRECTIONS OF WASHINGTON, *et al.*,

          Defendants.

CASE NO. 3:22-CV-5284-LK-DWC

ORDER DENYING MOTIONS FOR EXTENSION AND MOTION TO APPOINT COUNSEL

      Plaintiff Myron G. Brandon, proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983. Before the Court are Plaintiff's Motions for Extension of Time to Respond to the Motion to Dismiss (Dkts. 33, 35) and Motion to Appoint Counsel (Dkt. 31). For the reasons set forth below, the Motions for Extension are denied as moot and the Motion to Appoint Counsel is denied.

      **I.**      **Motions for Extensions of Time**

      In the Motions for Extensions of Time, Plaintiff requests additional time to respond to the Motion to Dismiss filed by Defendants, due to recent restrictions put in place at his institution

because of a COVID-19 outbreak. Dkts. 33, 35. He claims that, due to these restrictions, he has had limited time in the law library to properly and timely complete a response to the Motion to Dismiss. Dkt. 33 at 2; Dkt. 35 at 2. However, on November 4, 2022, Plaintiff filed a "Surreply" responding to the Motion to Dismiss.[1] Dkt. 37. In that "Surreply" (Dkt. 37), Plaintiff responds substantively to Defendants' Motion to Dismiss (Dkt. 20). In response to the "Surreply," Defendants have filed Objections, requesting the Court strike the "Surreply" and exclude any attachments thereto. Dkt. 39. Because Plaintiff has effectively filed a response to the Motion to Dismiss in his "Surreply," the "Surreply" shall be re-docketed as a Response to the Motion to Dismiss (Dkt. 20). Further, the Court has considered the Objections to the "Surreply" (Dkt. 39) as a Motion to Strike which the Court denies. Finally, the Court finds that Plaintiff's Motions for Extensions of Time (Dkts. 33, 35) are now moot and are denied as such.

## II.  Motion to Appoint Counsel

Plaintiff has also filed a third request for Court-appointed counsel. Dkt. 31. No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood

---

[1] Plaintiff's second Motion for an Extension of Time was initially filed as a "Response to Motion to Dismiss under FRCP 12(c)." Dkt. 35. However, from a reading of the Motion, it is clear that Plaintiff was not responding substantively to the Motion to Dismiss, but rather was seeking another extension of time to do so. *See id.* As a result of the second Motion for an Extension being filed as a Response to the Motion to Dismiss, Plaintiff's Response to the Motion to Dismiss was filed as a "Surreply." *See* Dkt. 37.

of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In the instant Motion to Appoint Counsel, Plaintiff appears to be renewing his previous request for Court-appointed counsel based on his mental health treatment plan and diagnosis. Dkt. 31. In a July 6, 2022 Order denying that previous request, the Court noted that, without evidence of a mental health treatment plan or diagnosis, Plaintiff's Motion contained no reasons to support the need for Court-appointed Counsel. Dkt. 14. In the instant Motion, Plaintiff again seeks Court-appointed counsel but also has filed as an exhibit his mental health treatment plan which expired on June 24, 2021. *See* Dkt. 30. The treatment plan indicates a diagnosis of schizophrenia, but notes that Plaintiff "continues to function well on the unit, is employed and effectively manages his daily activities and associated social challenges with others." *Id*. at 4–5. Even with such evidence of a mental health treatment plan, upon review the Court finds the third Motion contains no reasons supporting Plaintiff's need for Court-appointed counsel. Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. As noted above, Plaintiff has already responded to the Motion to Dismiss filed in this matter. *See* Dkt. 37. Plaintiff has not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court, nor has he shown he is likely to succeed on the merits of this case. As such, the Court finds that Plaintiff has failed to show the appointment of counsel is warranted

at this time. Accordingly, Plaintiff's Motion requesting Court-appointed counsel (Dkt. 31) is denied.

### III.  Conclusion

For the above-stated reasons, Plaintiff's Motions for Extension of Time (Dkts. 33, 35) are denied as moot. Additionally, Plaintiff's Motion to Appoint Counsel (Dkt. 31) is denied. The Clerk is directed to re-docket the "Surreply" (Dkt. 37) as a Response to the Motion to Dismiss (Dkt. 20). Further, the Clerk is directed to re-docket the Objections to the "Surreply" (Dkt. 39) as a Motion to Strike. The Motion to Strike (Dkt. 39) is denied.

Dated this 15th day of November, 2022.

David W. Christel
United States Magistrate Judge