UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MYRON G. BRANDON,<br><br>           Plaintiff,<br><br>   v.<br><br>DEPARTMENT OF CORRECTIONS OF WASHINGTON, *et al.*,<br><br>           Defendants. | CASE NO. 3:22-CV-5284-LK-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: January 20, 2023 |

The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff, proceeding *pro se*, initiated this civil rights action in February 2022. *See* Dkt. 1. Presently pending before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(c). Dkt. 20.

The Court concludes that Plaintiff has failed to state a claim for relief in his Amended Complaint. Accordingly, the Court recommends Defendants' Motion to Dismiss be granted, and the Amended Complaint be dismissed with prejudice.

REPORT AND RECOMMENDATION - 1

## I. Background

On February 23, 2022, Plaintiff filed his Amended Complaint in Thurston County superior court, while housed at the Monroe Correctional Complex ("MCC").[1] Dkt. 1-1. On April 28, 2022, the case was removed to this Court by Notice of Removal filed by Defendants. *See* Dkt. 1.

In the Amended Complaint, Plaintiff alleges that his Fourteenth Amendment rights were violated when, against the recommendation of a prison official at Washington Corrections Center ("WCC"), Defendants "refused to send the Plaintiff to another prison than [Washington State Penitentiary ("WSP")] in November of 2018." Dkt. 1-1 at 3. Plaintiff claims that after he was transferred to WSP, he was assaulted by other prisoners on three occasions. *Id*. at 2. Further, in connection with his transfer to WSP, Plaintiff alleges a second claim that Defendants violated Department of Corrections ("DOC") Policy 300.380.[2] *Id*.

Defendants filed an Answer in state court on April 15, 2022, prior to removing the case to this Court. *See* Dkt. 6. In the Answer, Defendants assert that, on or about October 1, 2018, Plaintiff sexually harassed a nurse and failed to disperse while housed at WCC. *Id*. at 88. Plaintiff subsequently received a serious infraction and was found to pose a threat to the orderly

---

[1] Plaintiff simultaneously filed an original complaint on February 23, 2022. *Compare* Dkt. 1-1 *with* Dkt. 6 at 15. For purposes of the instant Motion to Dismiss, the Court proceeds on the Amended Complaint. Dkt. 1-1.

[2] Defendants request that the Court incorporate by reference DOC Policy 300.380, as Plaintiff specifically refers to it in his Amended Complaint. As to the doctrine of incorporation by reference, a party may seek to apply this doctrine and incorporate a document into a complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claims." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002–03 (9th Cir. 2018) (explaining the application of the incorporation-by-reference doctrine). Here, Plaintiff does in fact rely on DOC Policy 300.380 as the basis for one of the claims in his Amended Complaint and, thus, the Court will consider the Policy incorporated by reference. Defendants have attached the Policy as an Exhibit to their motion to dismiss. Dkt. 20-2, Ex. 1.

running of WCC. *Id*. Accordingly, by no later than November 2018, Plaintiff was transferred to WSP. *Id*. Once at WSP, Plaintiff was in three fights in 2019. *Id*.

On July 27, 2022, Defendants filed the pending Motion to Dismiss under Federal Rule of Civil Procedure 12(c). Dkt. 20. Plaintiff has responded (Dkt. 37), and Defendants have replied (Dkt. 36).[3]

**II. Standard of Review**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a 42 U.S.C. § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Defendants move for dismissal of Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure (Rule) 12(c) on the basis that Plaintiff has failed to state a claim under § 1983 and his claims are barred under the applicable statute of limitations. Dkt. 20. A motion for a judgment on the pleadings "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. County of Los Angeles,* 179 F.3d 698, 699 (9th Cir. 1999). Because a Rule 12(b)(6)

---

[3] On October 14, 2022, Plaintiff filed a motion for an extension of time that was also docketed as a response to the Motion to Dismiss. *See* Dkt. 35. In that motion, Plaintiff did not actually respond to the Motion to Dismiss, but rather was seeking an extension of time to do so. *See id*. Defendants, however, treated this motion as a response to the Motion to Dismiss and subsequently filed a reply to the Motion to Dismiss on October 21, 2022. *See* Dkt. 36. Plaintiff then filed a response to the Motion to Dismiss, initially docketed as a surreply. *See* Dkt. 37.

motion to dismiss and a Rule 12(c) motion are functionally identical, the motion to dismiss standard applies to Rule 12(c) motions. *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

A motion to dismiss can be granted only if the plaintiff's complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556, 570).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While the Court must accept all the allegations contained in a complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to construe

a complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Id.* at 471.

### III. Discussion

In their Motion to Dismiss, Defendants contend Plaintiff's claims fail as a matter of law on the basis that: (1) Plaintiff has no due process right to choose where he is imprisoned; (2) an allegation of a violation of DOC Policy 300.380 does not create a cause of action; and (3) the claims are barred by the applicable statute of limitations. Dkt. 20. The Court will discuss these arguments in turn.

### A. Due Process Claim

Defendants first argue that Plaintiff's claim regarding his prison transfer fails to state a claim because prisoners have no due process right to choose the prison in which they are housed. Dkt. 20 at 3–5.

It is well established that inmates do not have a constitutional right to incarceration in a particular prison, *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976), or to a particular classification status, *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007). *See also Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) ("Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State."). This is true even where the facility or classification is "substantially less agreeable" and visits a "'grievous loss' upon the inmate." *Moody*, 429 U.S. at 88 n.9 (citing *Meachum*, 427 U.S. 215). Moreover, prison officials are afforded deference in their decisions as to the "ordinary incidents of prison life[.]" *Sandin v. Connor*, 515 U.S. 472, 482–83 (1995). *See also Meachum*, 427 U.S. at 229 ("The federal courts do not sit to supervise state prisons, the administration of which is of

1  acute interest to the states."). Additionally, a transfer from one institution to another within the

2  state's prison system does not implicate due process. *Id.* at 225; *Myron*, 476 F.3d at 719.

3        Here, Plaintiff alleges that Defendants refused to send him to any other prison than WSP

4  and, therefore, violated his right to due process under the Fourteenth Amendment.[4] Dkt. 1-1 at 3.

5  However, as set forth above, a prisoner does not have a constitutional right to incarceration in a

6  particular prison or to a particular classification status. *See Meachum*, 427 U.S. at 224–25;

7  *Moody*, 429 U.S. at 88 n.9. Thus, to the extent that Plaintiff seeks to challenge Defendants'

8  decision regarding where Plaintiff is housed or how he was classified, he has not stated a claim

9  upon which relief may be granted under § 1983. The Court recommends Plaintiff's due process

10  claim be dismissed.

11        **B.  Violation of DOC Policy**

12        Defendants also argue that Plaintiff has failed to state a claim with respect to his claim

13  that Defendants violated DOC Policy 300.380. The Court agrees. Although the Amended

14  Complaint alleges Defendants violated a DOC policy, state policies and regulations are "not

15  designed to confer rights on inmates," but are instead "primarily designed to guide correctional

16  officials in the administration of a prison." *Sandin*, 515 U.S. at 481–82. While "[p]rison

17  regulations governing the conduct of correctional officers" are "relevant in determining whether

18  an inmate's right was clearly established," they do not confer rights. *Furnace v. Sullivan*, 705

---

[4] While in his response to the motion to dismiss Plaintiff attempts to recharacterize his allegations as a violation of his Eighth Amendment right to be free from cruel and unusual punishment, he nevertheless bases such a violation on the same allegation that Defendants refused to transfer him to the prison of his choosing. *See* Dkt. 37 at 1–2. Because a claim involving a prisoner's placement in a particular prison implicates due process protections, the Court will address this claim under the framework of a due process violation.

    Further, in that same response, Plaintiff adds vague and conclusory allegations of retaliation, harassment, and intimidation against unnamed DOC officials who do not appear to be any of the named Defendants and that were not included in his Amended Complaint and, thus, the Court will not consider them in ruling on this Motion to Dismiss. *See* Dkt. 37 at 4.

F.3d 1021, 1027 (9th Cir. 2013) (citations and internal quotation marks omitted); *see also Parra v. PacifiCare of Arizona, Inc.*, 715 F.3d 1146, 1154 (9th Cir. 2013) ("Language in a regulation may invoke a private right of action that Congress through statutory text created, but it *may not create a right* that Congress has not.") (emphasis added; citation and internal quotation marks omitted). Thus, Plaintiff has no separate legal claim for Defendants' alleged violations of a DOC policy. The Court recommends this claim be dismissed.

**C.  Statute of Limitations**

Defendants also argue that Plaintiff's claims are barred by the applicable statute of limitations. Federal courts apply the forum state's personal injury statute of limitations to § 1983 claims. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985). A three year statute of limitations applies in Washington. RCW § 4.16.080; *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002).

Federal law determines when a civil rights claim accrues. *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). A claim accrues when the plaintiff knows or has a reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quoting *Tworivers*, 174 F.3d at 992). The proper focus is upon the time of the acts, not upon the time at which the consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979).

In his Amended Complaint, Plaintiff alleges that his constitutional rights were violated in connection with his prison transfer that occurred no later than November 2018. *See* Dkt. 1-1. The date of filing of Plaintiff's Amended Complaint for purposes of a statute of limitations analysis is February 23, 2022, the date Plaintiff filed his Amended Complaint in state court. *See id*.

Therefore, any claims commencing before February 23, 2019 are time barred. Because Plaintiff's claims stem from events occurring in November 2018 and he did not file his lawsuit on those claims until February 23, 2022, his claims are barred by the expiration of the statute of limitations. The Court recommends the claims be dismissed.

## IV. Conclusion

For the reasons set forth above, the Court recommends that Defendants' Motion to Dismiss (Dkt. 20) be granted and that this case be dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on January 20, 2023 as noted in the caption.

Dated this 5th day of January, 2023.

David W. Christel
United States Magistrate Judge