UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MYRON G. BRANDON,<br><br>           Plaintiff,<br>   v.<br><br>DEPARTMENT OF CORRECTIONS OF WASHINGTON et al.,<br><br>           Defendants. | CASE NO. 3:22-cv-05284-LK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION IN PART |

      This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge David W. Christel, recommending that Defendants' Motion to Dismiss Under Federal Rule of Civil Procedure 12(c) be granted, and that pro se Plaintiff Myron G. Brandon's civil rights complaint be dismissed with prejudice. Dkt. No. 44 at 1; *see* Dkt. No. 20 (motion to dismiss). Mr. Brandon timely objected to the R&R, and Defendants filed a response to his objections. Dkt. Nos. 45–46.[1] The Court adopts the R&R in part as set forth below.

---

[1] Mr. Brandon also filed a reply to Defendants' response, which reiterates his objections to the R&R. Dkt. No. 47. Although Local Civil Rule 72(b) does not permit replies and Mr. Brandon's reply does not alter the outcome here, the Court considers it in light of Mr. Brandon's pro se status.

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART - 1

I.       BACKGROUND

Mr. Brandon is currently incarcerated at Stafford Creek Corrections Center. Dkt. No. 45 at 7. On February 23, 2022, while incarcerated in the Special Offenders Unit at the Monroe Correctional Complex, Mr. Brandon filed suit against the Washington State Department of Corrections ("DOC"), Stephen Sinclair, John L. Campbell, and Larry M. Conner. Dkt. No. 6 at 15–17, 30–32.[2] Mr. Brandon alleges that in November 2018, Sinclair and Campbell "approved [his] transfer to Washington State Penitentiary [('WSP')] West Complex G-Unit having closed custody," despite a recommendation from a different prison official that he remain in medium custody and be transferred "to any other prison and not to WSP because of staff rec[]om[m]endation and []complaints about medical staff at WSP." *Id.* at 31. Mr. Brandon avers that following his transfer, he was assaulted by other inmates on three occasions, including on January 21, 2019 and February 8, 2019. *Id.* at 31–32. As a result, Mr. Brandon claims that Defendants "violated Due Process of the Fourteenth Amendment . . . and discriminated against [him] by refusing to send [him] to another prison other than WSP in November of 2018," and that they also "violated D.O.C. policy 300.380." *Id.* at 32.

Defendants became aware of Mr. Brandon's lawsuit on March 29, 2022, and removed the case to federal district court on April 28, 2022. Dkt. No. 1 at 1–2. After Mr. Brandon unsuccessfully sought to remand the case, Defendants moved to dismiss Mr. Brandon's complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(c). *See* Dkt. Nos. 9, 14, 20. Specifically, Defendants argue that Mr. Brandon "fails to state a claim because (1) inmates have no due process right to choose the prison [in] which they are housed; and (2) a DOC policy

---

[2] Mr. Brandon appears to have filed his original complaint and an amended complaint on the same day, with the latter pleading including minor handwritten modifications. *See* Dkt. No. 6 at 17, 30–32. The Court considers Mr. Brandon's "amended complaint" to be the operative pleading in this matter.

violation is not a cause of action." Dkt. No. 20 at 3. They also argue that his claims are time-barred under 42 U.S.C. § 1983, and that granting leave to amend would be futile. *Id.* at 5–6. In his response to Defendants' motion, Mr. Brandon contends that he is in fact bringing an Eighth Amendment claim based on Defendants' failure to heed the recommendation that he maintain medium custody and be placed at a facility other than "WSP closed custody West Complex." Dkt. No. 37 at 1–2; *see also id.* at 5. According to Mr. Brandon, WSP was not a suitable transfer location due to prior retaliation from staff, security problems between himself and other inmates there, and poor medical treatment at the facility. *Id.* at 2. In addition, Mr. Brandon argues that equitable tolling applies to his claims in light of COVID-19 restrictions. *Id.* at 2–3, 5.

On January 5, 2023, Judge Christel issued an R&R concluding that Mr. Brandon failed to state a claim for relief for the reasons outlined in Defendants' motion, and recommending that Defendants' motion be granted and this action be dismissed with prejudice. Dkt. No. 44 at 1, 5–8. Mr. Brandon timely objected. Dkt. No. 45. Notably, Mr. Brandon does not specifically object to the R&R's findings regarding Defendants' alleged due process and DOC policy violations, but instead insists his claims arise under the Eighth Amendment. *Id.* at 2–4, 6; *see id.* at 4 (alleging that Campbell and Sinclair "failed to provide safety and health as provided by the Eighth Amendment[.]"). Further, he objects to the R&R's "minimiz[ing]" the purported assaults he experienced at the hands of other inmates "as mere fights." *Id.* at 4 (claiming he was assaulted on "[three] separate occasion[s] resulting in shoulder dislocation[,] neck and head injur[ies,] and a tooth knocked out of [his] mouth"). Mr. Brandon also mentions previously dismissed Eighth Amendment deliberate indifference claims related to a heart attack he suffered while at WSP. *Id.* at 4–5; *see Brandon v. Dep't of Corr.*, No. 3:21-CV-5417-JCC-DWC, 2021 WL 5967951, at *1 (W.D. Wash. Oct. 29, 2021), *report and recommendation adopted*, 2021 WL 5937685 (W.D. Wash. Dec. 16, 2021). As for the timeliness of this lawsuit, Mr. Brandon maintains he has been

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART - 3

"diligent in pursuing his claims" and that equitable tolling applies. Dkt. No. 45 at 5. He also attaches an offender complaint referred to Defendant Campbell on November 1, 2018, stating that Mr. Brandon had "multiple complaints that he would like addressed, including staff retaliation . . . , his custody demotion, and complaints about medical staff at WSP." *Id.* at 8.[3]

In their response to Mr. Brandon's objections, Defendants argue that the R&R should be adopted because Mr. Brandon failed to "meaningfully dispute" its findings, and that to the extent Mr. Brandon now seeks to assert an Eighth Amendment claim, such claim should be dismissed as a matter of law. *See generally* Dkt. No. 46. And as previously mentioned, *see supra* note 1, Mr. Brandon filed a reply to Defendants' response "clarify[ing] his Eighth Amendment claim and equitable tolling" argument. Dkt. No. 47 at 4.

## II.   DISCUSSION

### A.   Legal Standards

#### 1. Reviewing the R&R

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) (the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

#### 2. Motions For Judgment on the Pleadings

"Under Federal Rule of Civil Procedure 12(c), judgment on the pleadings is proper 'when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law.'" *Ventress v. Japan Airlines*, 486 F.3d 1111, 1114 (9th Cir. 2007)

---

[3] The same offender complaint was previously filed in this Court as part of the Notice of State Filed Court Documents. Dkt. No. 6 at 37.

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART - 4

1  (quoting *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999)). Because Rule 12(c) motions are "functionally identical" to Rule 12(b)(6) motions, courts apply the same standard as motions to dismiss for failure to state a claim upon which relief could be granted. *Gregg v. Hawaii Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017); *accord Dworkin v. Hustler Mag., Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). And, though Rule 12(c) makes no mention of leave to amend, courts have discretion to grant leave to amend as part of such motions. *See, e.g.*, *Tolbert v. Antioch Police Dep't*, No. 22-CV-02026-JSC, 2023 WL 2959989, at *2 (N.D. Cal. Apr. 14, 2023) (citing *Carmen v. S. F. Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997)).

**B.      Mr. Brandon's Amended Complaint Fails to State a Claim**

The Court adopts the R&R's recommendation that Defendants' motion for judgment on the pleadings be granted as to Mr. Brandon's Fourteenth Amendment Due Process and DOC Policy claims. Dkt. No. 44 at 5–7. Judge Christel found that Mr. Brandon's Fourteenth Amendment claim should be dismissed because prisoners do not have a due process right to incarceration at a particular prison or a particular classification status. *Id.* at 5 (citing *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976) and *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)).[4] And with respect to Mr. Brandon's standalone DOC policy violation claim, the R&R reasoned that "state policies and regulations are 'not designed to confer rights on inmates,' but are instead 'primarily designed to guide correctional officials in the administration of a prison.'" *Id.* at 6 (quoting *Sandin v. Conner*, 515 U.S. 472, 481–82 (1995)). Mr. Brandon did not object to these portions of the R&R. *See generally* Dkt. Nos. 45, 47. The Court therefore adopts Judge Christel's recommendations and dismisses these claims. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en

---

[4] Although Mr. Brandon mentions retaliation at various points in his submissions, *see, e.g.*, Dkt. No. 1-1 at 2, nothing therein contains either explicit mention of a First Amendment retaliation claim or facts that could state such a claim. *See Perez v. Grey*, No. 2:21-CV-00095-LK, 2023 WL 2758341, at *8 (W.D. Wash. Mar. 30, 2023).

Case 3:22-cv-05284-LK   Document 48   Filed 09/18/23   Page 6 of 11

banc) (the district court must review the magistrate judge's findings and recommendations only if objection is made).

**C.    Mr. Brandon May Not Amend His Complaint In Responsive Briefing or Objections**

For the first time in his November 4, 2022 response to Defendants' Motion to Dismiss, Mr. Brandon asserts that his claim is an "8th Amendment cruel and unusual punishment claim[.]" Dkt. No. 37 at 1–2. However, he "may not amend h[is] pleading via h[is] response brief," *Riser v. Cent. Portfolio Control Inc.*, No. 3:21-CV-05238-LK, 2022 WL 2209648, at *4 n.1 (W.D. Wash. June 21, 2022), nor may he amend his complaint via his objections, *Perez*, 2023 WL 2758341, at *8; *see also Tejada v. Delbaso*, No. 3:18-CV-1096, 2022 WL 1275777, at *2 (M.D. Pa. Apr. 28, 2022) (a plaintiff cannot "raise a new legal theory for the first time in objections to a report and recommendation or otherwise amend a complaint in his objections."). His Eighth Amendment claim is therefore not properly before the Court.

**D.    Statute of Limitations**

As for the relevant statute of limitations, the R&R concluded that "[b]ecause [Mr. Brandon]'s claims stem from events occurring in November 2018 and he did not file his lawsuit on those claims until February 23, 2022, his claims are barred by the expiration of the statute of limitations." Dkt. No. 44 at 8; *see* Dkt. No. 6 at 31. Judge Christel noted that there is a three-year statute of limitations for bringing a Section 1983 claim, and that such claims accrue "when the plaintiff knows or has a reason to know of the injury which is the basis of the action." Dkt. No. 44 at 7; *see, e.g.*, *Johnson v. Di Vittorio*, 604 F. App'x 617, 618 (9th Cir. 2015).

In both his response to Defendants' motion and his objections to the R&R, Mr. Brandon contends that equitable tolling applies to his claims. *See* Dkt. No. 37 at 2–3; Dkt. No. 45 at 5–6; Dkt. No. 47 at 4. "Federal courts must abide by a state's tolling rules, which are integrally related to statutes of limitations." *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011).

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART - 6

In Washington, "[e]quitable tolling is a remedy, used sparingly, that allows an action to proceed 'when justice requires it, even though a statutory time period has elapsed.'" *Matter of Fowler*, 479 P.3d 1164, 1168 (Wash. 2021) (quoting *In re Bonds*, 196 P.3d 672, 676 (Wash. 2008)); *accord Millay v. Cam*, 955 P.2d 791, 797 (Wash. 1998). "A petitioner seeking equitable tolling bears the burden of showing (1) that they diligently pursued their rights and (2) that an extraordinary circumstance prevented a timely filing." *Matter of Fowler*, 479 P.3d at 1168 (citing *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)). "Extraordinary circumstances include, but are not limited to, bad faith, deception, or false assurances by another such as, in some cases, a petitioner's own counsel." *Id.*

Mr. Brandon does not claim that Defendants engaged in bad faith, deception, or false assurances. Rather, he contends that he has been diligent in pursuing his claims and that lack of access to the law library during the pandemic prevented him from timely bringing this action. *See, e.g.*, Dkt. No. 37 at 2–3; Dkt. No. 45 at 5. Specifically, the law library was closed from November 2021 to February 2022, and certain prison units were quarantined due to COVID-19 for an unspecified period of time. Dkt. No. 37 at 2–3.

Prison restrictions related to the COVID-19 pandemic do not automatically warrant equitable tolling. *See Ramos v. Wash. State Dep't of Corr.*, No. C21-5902-BHS, 2022 WL 1909022, at *3 (W.D. Wash. June 3, 2022), *appeal dismissed*, No. 22-35489, 2022 WL 17902297 (9th Cir. Aug. 1, 2022); *cf. Garcia v. United States*, No. C21-0322-JLR, 2021 WL 3403540, at *2 (W.D. Wash. Aug. 4, 2021). Although the Court is mindful that documents filed by pro se litigants are "to be liberally construed" and pro se pleadings are to be "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (cleaned up), the Court agrees with Judge Christel that Mr. Brandon's claims arising from his November 2018 transfer are time-barred. The Court first observes that during the time Mr.

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART - 7

Brandon asserts that the law library was closed (November 2021 to February 2022), he filed objections to a R&R, a motion for reconsideration and to amend his complaint, and a proposed motion to appoint counsel in *Brandon v. Dep't of Corr.*, No. 3:21-CV-5417-JCC-DWC. *See id.*, Dkt. Nos. 16, 19, 20. Second, to the extent any quarantine occurred earlier in 2021, it did not prevent Mr. Brandon from preparing his June 3, 2021 complaint in that case or from submitting pleadings and other papers on June 3, 2021, June 24, 2021, July 1, 2021, July 22, 2021, September 15, 2021, September 16, 2021, and September 22, 2021. *See id.*, Dkt. Nos. 1, 4–6, 8, 10, 12–14; *see also Fowler v. Haynes*, No. 3:22-CV-05270-RAJ-GJL, 2023 WL 5960894, at *6 (W.D. Wash. May 9, 2023) (noting that the Court was "not inclined to grant equitable tolling" where plaintiff indicated he was in contact with his attorney, had access to email, and submitted filings to the court during time period that COVID restrictions were allegedly in place), *report and recommendation adopted*, 2023 WL 5952054 (W.D. Wash. Sept. 13, 2023). Nor does Mr. Brandon specifically "explain how th[e] complications [from COVID-19] prevented his timely filing." *Smith v. United States*, No. C21-5747-BHS-SKV, 2021 WL 5910486, at *4 (W.D. Wash. Dec. 1, 2021), *report and recommendation adopted*, 2022 WL 36896 (W.D. Wash. Jan. 3, 2022); *see also Ramos*, 2022 WL 1909022, at *3 (finding that plaintiff was not diligent where he "had many years to pursue his claims, including almost two years prior to the start of COVID-19" and that "[w]hile his access to the law library was likely limited during the pandemic, he could have filed something within the limitations period."). In sum, Mr. Brandon does not establish either the diligence or extraordinary circumstances necessary to justify equitable tolling of the statute of limitations with respect to his transfer-related claims.

With respect to events that Mr. Brandon alleges occurred later in time than his transfer, the Court addresses in the next section whether amendment to assert an Eighth Amendment claim would be futile.

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART - 8

### E. Leave to Amend

Under Rule 15, the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2).[5] In general, pro se complaints "may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (cleaned up); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (cleaned up)).

Though Mr. Brandon's transfer-based claims fail to withstand Defendants' motion, the Court is unable to say with absolute certainty that Mr. Brandon could not cure his amended complaint by reframing other allegations within the framework of the Eighth Amendment. *See, e.g.*, *Rawlins v. Tambe*, No. C19-0093-JCC-MAT, 2019 WL 4480924, at *5 (W.D. Wash. Aug. 15, 2019), *report and recommendation adopted*, 2019 WL 4464303 (W.D. Wash. Sept. 18, 2019). Mr. Brandon specifically alleges that he was assaulted on January 21, 2019 and February 8, 2019. Dkt. No. 6 at 31–32. He also asserts that he "was assaulted a third time," and refers the Court to "IGN 25." Dkt. No. 1-1 at 2. The Court has been unable to locate "IGN 25" in Mr. Brandon's submissions, but he did submit Incident Reports and Narratives describing a fight between him and another inmate at WSP on December 1, 2019. Dkt. No. 6 at 56–62. The latter incident falls within the three-year statute of limitations, assuming without deciding that Mr. Brandon's amended claims relate back to his original complaint.[6]

---

[5] The Court notes that Mr. Brandon's "amended complaint" in this case was filed the same day as his original complaint but with handwritten edits changing the caption, adding defendants, and updating the county in which Monroe Correctional Complex is located. *See* Dkt. No. 6 at 17, 30–32. It was not filed in response to Defendants' motion or a court order highlighting its deficiencies.

[6] Mr. Brandon also makes reference to a 2019 heart attack. However, this was the basis of his complaint in *Brandon v. Dep't of Corr.*, No. 3:21-CV-5417-JCC-DWC, and he has failed to show that equitable tolling should permit a new claim based on the same facts.

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART - 9

It is well-established that prison officials are required to take reasonable measures to protect inmates from violence at the hands of other prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). Failure to do so can constitute an Eighth Amendment violation if the alleged deprivation is "sufficiently serious," and the prison official had a "sufficiently culpable state of mind," meaning "deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834 (cleaned up). The operative complaint in this case does not state a claim under this standard as to the named Defendants. However, the Court cannot determine at this stage that Mr. Brandon's allegations of multiple assaults by other inmates could never state a claim for deliberate indifference.

Accordingly, now that Mr. Brandon has had the opportunity to view the insufficiencies of his pleadings, the Court GRANTS him 30 days to file a second amended complaint that cures them. Specifically, Mr. Brandon may file an amended pleading with respect to his Eighth Amendment claim, identifying the Defendants involved in his alleged deprivation and the timeliness of his cause of action (including (1) equitable tolling to the extent he asserts claims based on the January 21, 2019 and February 8, 2019 assaults, and (2) relation back of his Eighth Amendment claim to his original complaint, *see* Fed. R. Civ. P. 15(c)(1)). Mr. Brandon may not replead his transfer-based claims, including his Fourteenth Amendment Due Process and DOC Policy claims. If Mr. Brandon fails to timely comply with this Order or to remedy the issues identified herein, the Court will treat that failure as an indication of the futility of further amendment and will dismiss this action with prejudice.

### III.    CONCLUSION

The Court, having reviewed Mr. Brandon's pleadings, the R&R, his objections to the R&R, and the remaining record, hereby finds and ORDERS:

1. The Court ADOPTS the Report and Recommendation in part, Dkt. No. 44, and GRANTS Defendants' Motion to Dismiss in part, Dkt. No. 20.

2. Mr. Brandon's amended complaint is DISMISSED without prejudice.

3. Mr. Brandon is GRANTED leave to file a second amended complaint within 30 days of this Order to address the insufficiencies identified herein. The Court cautions Mr. Brandon that if he fails to state a claim in response to this Order, the Court will treat that failure as an indication that further amendment would be futile, which can constitute grounds for dismissal without leave to amend.

4. The Clerk is directed to send copies of this Order to Mr. Brandon and to Judge Christel.

Dated this 18th day of September, 2023.

Lauren King
United States District Judge