UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MYRON G. BRANDON,<br><br>               Plaintiff,<br>    v.<br><br>DEPARTMENT OF CORRECTIONS OF WASHINGTON et al.,<br><br>               Defendants. | CASE NO. 3:22-cv-05284-LK<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR DISMISSAL WITHOUT PREJUDICE |

      This matter comes before the Court on pro se Plaintiff Myron G. Brandon's "Motion to Review Court Decision and Declaration to the Court." Dkt. No. 54.[1] Also pending is Mr.

---

[1] Mr. Brandon filed a notice of appeal to the Ninth Circuit prior to his most recent motion becoming ripe for review and prior to the Court entering any final or otherwise appealable order. Dkt. No. 59. Although filing a notice of appeal ordinarily divests the district court of jurisdiction, *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam), a defective notice of appeal "does not transfer jurisdiction to the appellate court[.]" *Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007) (citing *Ruby v. Sec'y of U.S. Navy*, 365 F.2d 385, 388–89 (9th Cir. 1966) (en banc)); *see also Martinez v. Barr*, 941 F.3d 907, 916 (9th Cir. 2019) ("Premature appeals . . . do not divest the lower court of its jurisdiction to issue a subsequent final and appealable judgment."). Accordingly, the Court retains jurisdiction for the purposes of resolving Mr. Brandon's two pending motions. *Cf. Nevarez v. Godwin*, No. 21-CV-1040-MMA-SBC, 2023 WL 5674407, at *2 (S.D. Cal. Sept. 1, 2023) (maintaining jurisdiction where plaintiff prematurely appealed a magistrate judge's report and recommendation); *Johnson v. Pierce Cnty.*, No. 3:21-CV-05841-DGE, 2022 WL 594326, at *2 (W.D. Wash. Feb. 28, 2022) (same).

ORDER GRANTING PLAINTIFF'S REQUEST FOR DISMISSAL WITHOUT PREJUDICE - 1

Brandon's Motion for Leave to Amend Complaint Pursuant to Rule 15. Dkt. No. 51. The Court construes Mr. Brandon's "motion to review" as a request for dismissal by court order pursuant to Federal Rule of Civil Procedure 41(a)(2), and grants his request for the reasons discussed below.

## I. BACKGROUND

On September 18, 2023, the Court adopted in part the Report and Recommendation of United States Magistrate Judge David W. Christel and granted in part Defendants' Motion to Dismiss Under Federal Rule of Civil Procedure 12(c). Dkt. No. 48. The Court granted Mr. Brandon 30 days to file a second amended complaint curing the identified deficiencies with respect to his surviving Eighth Amendment claim. *Id.* at 10. On October 18, 2023, 30 days after the Court issued its order, Mr. Brandon moved for an additional "15–30 day[] extension to . . . properly address the portion allotted by this Court to amend in part." Dkt. No. 49 at 2; *see also id.* at 1 (noting that he did not receive the Court's order until September 20th). Although Mr. Brandon did not comply with the requirement that "[a] motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline," LCR 7(j), the Court considered Defendant's failure to respond to be an admission that the motion has merit, *see* LCR 7(b)(2). Thus, the Court granted Mr. Brandon's motion—allowing him a 57-day extension—and directed him to file a second amended complaint consistent with the scope of the leave to amend granted in the Court's September 18 Order by no later than November 13, 2023. Dkt. No. 50 at 2.

In addition, the Court stated that Mr. Brandon's timely filed amended pleading would become the operative pleading in this matter and that "he need not file a separate motion for leave to amend his complaint pursuant to Federal Rule of Civil Procedure 15." *Id.* The Court again cautioned Mr. Brandon that his failure to comply with the Court's order would serve as an
ORDER GRANTING PLAINTIFF'S REQUEST FOR DISMISSAL WITHOUT PREJUDICE - 2

1   indication that further amendment would be futile and lead to dismissal of this action with
2   prejudice. *Id.*; *see also* Dkt. No. 48 at 10–11.

3   On November 14, 2023, Mr. Brandon filed a "Motion for Leave to Amend Complaint
4   Pursuant to Rule 15," asserting that "[t]he deficiencies in his complaint can be cured" and that he
5   "can make a viable claim to support his cause of action that he was denied . . . safety[.]" Dkt. No.
6   51 at 1–2. In contravention of the Court's order, the Federal Rules of Civil Procedure, and Local
7   Civil Rule 15, however, Mr. Brandon did not submit or attach an amended pleading and did not
8   otherwise cure the deficiencies identified in the Court's prior order. *See id.* at 1–4. For example,
9   despite the Court's directive to identify the defendants involved in his alleged constitutional
10  deprivation, Dkt. No. 48 at 10, Mr. Brandon did not name the prison officials he alleges neglected
11  his personal safety, or include specific factual allegations as to their acts or omissions, *see, e.g.*,
12  Dkt. No. 51 at 4 ("[P]rison officials were well aware of [Mr. Brandon's] mental health challenges
13  which placed him at a disadvantage . . . being in the same areas as those prisoners more likely than
14  not to become more aggressive and provoke violence[.]").[2]

15  Before the Court could address Mr. Brandon's motion to amend, he filed his subsequent
16  "motion to review" on November 28, 2023, asking that the Court dismiss this action without
17  prejudice so that the "matter can be properly addressed to the Eastern District Court in Spokane,
18  Washington." Dkt. No. 54 at 1 (capitalization altered); *see id.* at 2 ("I received my injuries at
19  Washington State Prison at Walla Walla, Washi[]ngton. . . . I pray the Honorable Court let me re-
20  open my case in the proper jurisdiction."). Because Defendants have filed an answer, Dkt. No. 6
21  at 87–91, the Court construes Mr. Brandon's request for dismissal without prejudice as a request

---

[2] Defendants point out that Mr. Brandon's complaint was also filed a day after the Court's November 13, 2023 deadline. Dkt. No. 52 at 1; *see also* Dkt. No. 53 (Mr. Brandon's explanation of the reason for his delay); Dkt. No. 51 at 4 (the motion dated for November 11, 2023). However, because the Court now dismisses this action on the basis of Mr. Brandon's subsequent motion, it need not reach this issue.

ORDER GRANTING PLAINTIFF'S REQUEST FOR DISMISSAL WITHOUT PREJUDICE - 3

pursuant to Federal Rule of Civil Procedure 41(a)(2), *see, e.g.*, *Coulter v. Van Kriekan*, No. 2:19-CV-1619-JCM (EJY), 2020 WL 2615899, at *1 (D. Nev. May 22, 2020); *Est. of Turnage v. Valley Med. Ctr.*, No. C14-75-RSM, 2014 WL 4540212, at *1 (W.D. Wash. Sept. 11, 2014).

## II. DISCUSSION

### A. Legal Standard

Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper," and that such dismissal is without prejudice unless the court orders otherwise. "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (internal citation omitted). Motions for voluntary dismissal under Rule 41(a)(2) are within the district court's discretion, *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996), and should ordinarily be granted "unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); *see also BP W. Coast Prods. LLC v. SKR Inc.*, 989 F. Supp. 2d 1109, 1116 (W.D. Wash. 2013). Legal prejudice "means prejudice to some legal interest, some legal claim, some legal argument"; not "uncertainty because a dispute remains unresolved or because the threat of future litigation causes uncertainty," or the mere inconvenience of "having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Lenches*, 263 F.3d at 976 (cleaned up).

### B. Dismissal Without Prejudice Under Rule 41(a)(2) is Appropriate

The Court finds that dismissal without prejudice of Mr. Brandon's remaining Eighth Amendment claim is proper in this case. As an initial matter, Defendants did not file an opposition to Mr. Brandon's request for dismissal, which the Court may consider as an admission that the motion has merit. LCR 7(b)(2). Instead, Defendants filed an improper surreply to Mr. Brandon's

motion to amend, which the Court struck from the docket. Dkt. No. 58. Thus, Defendants fail to demonstrate any plain legal prejudice that would result from dismissal, and the Court finds such outcome appropriate in this case.

However, the Court must also weigh whether dismissal should be with or without prejudice. In making this determination, courts may consider the following factors: "(1) the defendant's effort and expense in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, and (3) insufficient explanation of the need to take a dismissal." *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 540 (N.D. Cal. 2005) (cleaned up); *see also Denton v. Thrasher*, No. 3:20-CV-05968-BHS-JRC, 2022 WL 271761, at *2 (W.D. Wash. Jan. 13, 2022), *report and recommendation adopted*, 2022 WL 268861 (W.D. Wash. Jan. 28, 2022); *Telegram Messenger Inc. v. Lantah, LLC*, No. 18-CV-02811-CRB, 2020 WL 5074399, at *3 (N.D. Cal. Aug. 24, 2020). District courts may also "consider whether the plaintiff is requesting a voluntary dismissal only to avoid a near-certain adverse ruling." *Maxum Indem. Ins. Co. v. A-1 All Am. Roofing Co.*, 299 F. App'x 664, 666 (9th Cir. 2008) (citing *Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir.1988)); *see also BP W. Coast Prods.*, 989 F. Supp. 2d at 1116.

Here, this case has been pending for more than a year, but it is still in its early stages. Considering the unique facts of this case and Defendants' failure to submit a response addressing any potential prejudice, the Court concludes that Defendants have not expended the time and effort in preparing for trial that would weigh against dismissal without prejudice. *See Southerland v. King Cnty.*, No. 2:18-CV-00497-RAJ, 2019 WL 1431863, at *1 (W.D. Wash. Mar. 29, 2019). Likewise, while Mr. Brandon has certainly taken some time to distill what he believes to be his most viable claim, the Court does not find that this delay has been excessive or that he lacked diligence in prosecuting his claims such that dismissal with prejudice is favored. *See Denton*, 2022

ORDER GRANTING PLAINTIFF'S REQUEST FOR DISMISSAL WITHOUT PREJUDICE - 5

WL 271761, at *3. Furthermore, Mr. Brandon's explanation of why he seeks to dismiss the current action, i.e., to refile his claim in what he deems to be the proper venue after obtaining advice from a "person that is a member of the National Lawyers guild," Dkt. No. 54 at 2, is not unreasonable.

Last, the Court cannot confidently conclude that Mr. Brandon is requesting a voluntary dismissal only to avoid a near-certain adverse ruling. His request comes not in response to a dispositive motion filed by Defendants addressing his potential Eighth Amendment claim, but rather from a desire to litigate in the district where the events animating his claim arose. *See id.* at 1–2; *see also, e.g.*, *McDonald v. Kariko*, No. C19-1998-RSL, 2021 WL 3861552, at *2 (W.D. Wash. Aug. 30, 2021); *Breuer v. Weyerhaeuser NR Co.*, No. C20-0479-JLR, 2020 WL 4260948, at *4 (W.D. Wash. July 24, 2020). Moreover, any potential adverse ruling would be based on Mr. Brandon's failure to comply with the Court's orders and applicable procedural rules, not the substantive merits of his proposed Eighth Amendment claim. In light of Mr. Brandon's pro se status and the lack of prejudice demonstrated by Defendants, the Court finds that permitting Mr. Brandon to obtain dismissal of his remaining claim without prejudice is proper here.

Accordingly, the Court grants Mr. Brandon's request to dismiss this case without prejudice. Dkt. No. 54 at 1.

### III. CONCLUSION

Based on the foregoing reasons, the Court hereby finds and ORDERS:

1. Mr. Brandon's Motion for Leave to Amend Complaint Pursuant to Rule 15, Dkt. No. 51 is terminated as moot.

2. Mr. Brandon's Motion to Review Court Decision and Declaration to the Court, Dkt. No. 54 is GRANTED, and this action is DISMISSED without prejudice and without attorney fees or costs to any party.

3. The Clerk of Court shall CLOSE this case and terminate any remaining deadlines.

4. The Clerk is directed to send a copy of this Order to Mr. Brandon.

Dated this 22nd day of December, 2023.

*Lauren King*

Lauren King
United States District Judge

ORDER GRANTING PLAINTIFF'S REQUEST FOR DISMISSAL WITHOUT PREJUDICE - 7